1  **LAW OFFICE OF PETER BORENSTEIN**
2  Peter Borenstein (SBN 304266)
   P.O. Box 885
3  Culver City, CA 90232
   (213) 362-8740 (tel)
4  (877) 460-3681 (fax)
5  peter@brnstn.org

6
   Attorney for Nonparty Movant
7  JOHN DOE

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  DANIEL LEE MAYCOCK           | Case No. 3:24-cv-07102-JD

13          Plaintiff,           | **NOTICE OF MOTION AND JOHN DOE'S
                                 | MOTION TO QUASH SUBPOENA TO
14                               | DEFENDANT CLOUDFLARE, INC.;
                                 | MEMORANDUM OF POINTS AND
15          v.                   | AUTHORITIES; DECLARATION OF
                                 | JOHN DOE; DECLARATION OF PETER
16                               | BORENSTEIN; PROPOSED ORDER.**
17  CLOUDFLARE, INC.
                                 | Date:      March 20, 2025
18          Defendant.           | Time:      10:00 am
19

20

21

22  \\
23  \\
24  \\
25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THE ABOVE CAPTIONED MATTER:**

PLEASE TAKE NOTICE THAT on March 20, 2025 at 10:00 am, or as soon thereafter as may be heard, in Courtroom 11 of this Court located at 450 Golden Gate Avenue, San Francisco, the Honorable James Donato presiding, Nonparty John Doe[1] will move, and hereby does move, this Court to quash the subpoena issued to Defendant Cloudflare, Inc. on January 2, 2025 pursuant to Rule 45(d) of the Federal Rules of Civil Procedure. A copy of the subpoena is attached as Exhibit A to the Declaration of Peter Borenstein in Support of Doe's Motion to Quash, filed concurrently herewith. Doe's identity will be revealed if Cloudflare complies with the subpoena, which the Clerk issued upon the parties' execution of a stipulation made under false pretenses: Plaintiff Daniel Lee Maycock lied about "ongoing" defamation proceedings in the High Court of Justice in the United Kingdom. (Dkt. 14 at p. 3.) No such defamation action has been filed in the UK or anywhere else. Instead, Plaintiff seems to want to litigate his defamation claim 5,000 miles away in a foreign court without jurisdiction to hear the case.

Even if Plaintiff filed his lawsuit in the UK today, it would be time-barred by the one-year statute of limitations for defamation under English law, the text of which is attached here as Exhibit B for the Court's convenience. Doe is concerned that Plaintiff has no intention of ever pursuing legal action in the UK and may be abusing the generous standard for information sharing between foreign tribunals set out in 28 U.S.C. § 1782 (hereinafter "Section 1782") to obtain discovery that would otherwise be unavailable through his own country's civil legal system because he waited too long to file a lawsuit.[2] To the extent that the Court finds that Plaintiff executed the stipulation in bad faith to cause the subpoena to issue without satisfying each element of Section 1782, Doe is entitled to his attorney's fees pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure.

---

[1] We refer to our client as John Doe in this Motion to preserve the movant's anonymity. (*See* Doe Decl., ¶ 2.)

[2] Indeed, Maycock admits that, had he timely filed a lawsuit in the UK, he could have discovered Doe's identity via a *Norwich Pharmacal* order issued to Cloudflare by an English court. (Complaint at ¶ 57.)

Plaintiff will not be able to show that the discovery sought will be used in a foreign proceeding or that he is an "interested person" within the meaning of the statute. *Rainsy v. Facebook, Inc.*, 311 F.Supp.3d 1101, 1109 (N.D. Cal. 2018). Moreover, the discretionary *Intel* factors mitigate towards denying Plaintiff's application for assistance as well. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (2004). At the very least, this Court should quash the subpoena to protect Doe's identity and prevent undue "annoyance, embarrassment, [and] oppression" given Plaintiff's misrepresentations and until such time as he can provide evidence to justify this Court's assistance under Section 1782. Fed. R. Civ. P. 26(b)(2)(C).

This Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of John Doe, the Declaration of Peter Borenstein, the attached exhibits, the Proposed Order, on all files and records in this action, and on such further evidence and arguments as the Court receives in connection with this motion.

Respectfully submitted,

Dated: 1/28/25

By:_____

Peter Borenstein

Attorney for Nonparty Movant

JOHN DOE

**LAW OFFICE OF PETER BORENSTEIN**
Peter Borenstein (SBN 304266)
P.O. Box 885
Culver City, CA 90232
(213) 362-8740 (tel)
(877) 460-3681 (fax)
peter@brnstn.org

Attorney for Nonparty Movant
JOHN DOE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE MAYCOCK<br><br>Plaintiff,<br><br>v.<br><br>CLOUDFLARE, INC.<br><br>Defendant. | Case No. 3:24-cv-07102-JD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S MOTION TO QUASH SUBPOENA TO DEFENDANT CLOUDFLARE, INC.**<br><br>Date:      March 20, 2025<br>Time:      10:00 am |

\\

\\

\\

## INTRODUCTION

Nonparty Movant John Doe is an internet journalist whose anonymity is essential to his work for the political news blog Debunking Tamworth ("the Site"), reporting on local issues affecting the English city of Tamworth. Although Plaintiff Daniel Lee Maycock alleges that an article posted anonymously to the Site on October 21, 2023 defamed him, he never filed a defamation lawsuit in England; he waited too long after the offending article was published and the claim is now time barred. Left with no options to unmask the author of the blog post in his own country, Plaintiff seeks an American court's assistance with learning the author's true identity, misrepresenting that he filed a lawsuit in the UK to obtain this Court's subpoena power. In so doing, Plaintiff has taken advantage of the generous standard for information sharing provided by 28 U.S.C. § 1782 (hereinafter, "Section 1782") in bad faith: The information will only be used to intimidate and harass the anonymous contributors of the Site, rather than in any foreign legal proceeding as required by Section 1782. Now, Doe Movant must intervene in a Court more than five thousand miles away from Tamworth to protect his anonymity and put an end to any further harassment and intimidation by Plaintiff. Therefore, the Court should grant the motion to quash and order Plaintiff to pay Doe Movant's costs and attorney's fees.

## BACKGROUND

The anonymous authors of the Debunking Tamworth blog have been covering local politics in the small English town of Tamworth since 2022. (Doe Decl. ¶¶ 4, 5.) The Site is popular, often surpassing the readership of the local newspaper. (Doe Decl., ¶ 10.) Plaintiff alleges that a defamatory blog post about him was published by the operators of the Site on October 21, 2023. (Complaint at ¶ 15.) At the time, Plaintiff was Deputy Mayor of Tamworth and an elected member of its Borough Council. (Doe Decl., ¶ 11.) Plaintiff waited for nearly a year to contact the Site about the allegedly defamatory post, sending a "Pre-Action Letter of Claim" on September 25, 2024 and threatening legal action in both the United States and the UK, including potentially obtaining a *Norwich Pharmacal* order from an English court to discover the author's true identity, if the allegedly defamatory post was not taken down. (Plaintiff's Exh. L; Doe Decl., ¶ 16.) To date, Plaintiff has not filed a defamation lawsuit in the UK nor obtained

a *Norwich Pharmacal* order. (Doe Decl., ¶ 18.) The statute of limitations for a defamation claim in the United Kingdom is one-year from the date of publication of the allegedly defamatory statement. (Exh. B.)

On October 10, 2024, Plaintiff filed the instant action under Section 1782 for assistance with "gathering discovery for foreign proceedings" yet misrepresented that he is "pursuing defamation proceedings [against the operators of the Site] in the High Court of Justice in England." (Complaint at ¶ 2.) In filing the complaint, Plaintiff has one goal: "[T]o compel [Defendant] Cloudflare, Inc. to disclose the identities of the operators behind the website 'Debunking Tamworth,' which has published false and defamatory statements about the Plaintiff." (Complaint at ¶ 1.) Plaintiff applies a First Amendment analysis to justify disclosing the identities of heretofore anonymous individuals as if he filed his defamation lawsuit in an American court, which he has not. (Complaint, ¶¶ 44-56.) In any case, foreign citizens outside the United States are not entitled to assert rights under the U.S. Constitution. *Agency for International Development v. Alliance for Open Society International, Inc.*, 591 U.S. 430, 434 (2020).

On January 2, 2024, the Clerk issued a subpoena to Cloudflare for "[d]ocuments sufficient to identify any account holder(s) associated with the domain 'debunkingtamworth.com' from October 21, 2023 to December 23, 2024." (Exh. A.) The subpoena issued upon stipulation of the parties wherein Plaintiff misrepresented that he "is also a Plaintiff in a defamation proceeding currently pending in the High Court of Justice in England." (Dkt. 14 at p. 3.) Doe only learned of this action when Defendant notified him about the subpoena. (Doe Decl., ¶ 23.)

Based on the stipulation, the Court granted Plaintiff's application "solely to the extent requiring Defendant to respond to the subpoena" by January 14, 2025, and ordered Defendant to respond to the Complaint by February 2, 2025. (Dkt. 15 at p. 2.) However, the Court also ordered Plaintiff to dismiss the complaint with prejudice within two calendar days of Defendant's response. *Id.* The parties later stipulated to extend Defendant's deadline to respond to the subpoena to January 29, 2025 and to answer the complaint by February 14, 2025. (Dkt. 20.) Given Plaintiff's knowing misrepresentations, his bad faith effort to unmask the author of the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S MOTION TO QUASH SUBPOENA – MAYCOCK V. CLOUDFLARE, INC.

3

October 2023 blog post in a foreign court, and the harm that might be caused in the event Cloudflare complies with subpoena, Doe was forced to intervene by filing this motion to quash the subpoena.

## ARGUMENT

### 1.    Plaintiff Cannot Satisfy Mandatory Requirements For Assistance Under § 1782.

Congress enacted Section 1782 "to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004) (hereinafter, "*Intel*"). "The statute is generous and reflects a hope that if federal courts assist with foreign litigation, foreign courts will do the same with the tables are turned. *Zuru, Inc. v. Glassdoor, Inc.*, 614 F.Supp.3d 697, 703 (N.D. Cal. 2022). "Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). As an initial matter, Doe does not dispute that Defendant is "found" in the Northern District of California within the meaning of the statute.

With respect to the second prong, if there is no pending foreign litigation for which the Court can provide assistance under Section 1782, Plaintiff must show that the proceeding is "within reasonable contemplation by filing declarations swearing that they intend to file [a complaint] against the movant, and articulating a specific legal theory on which they intend to rely." *In re Application of Furstenberg Finance SAS*, 334 F.Supp.3d 616, 619 (S.D.N.Y. 2018); *see Certain Funds, Accounts and/or Investment Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123 (2nd Cir. 2015) ("At a minimum, a § 1782 applicant must present the district court some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye."). At all relevant times, Plaintiff has falsely asserted that he already filed a defamation lawsuit in the UK, though no such lawsuit exists. (Complaint at ¶ 2; Dkt. 14 at p. 3.) Furthermore, any lawsuit filed now would be barred by the one-year statute of limitations for

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S MOTION TO QUASH SUBPOENA – MAYCOCK V. CLOUDFLARE, INC.

4

defamation claims in the UK. (Exh. B.) Given these troubling facts, the Court should at least quash the motion until such time that Plaintiff can produce evidence of a viable and timely claim for defamation in the UK. In the very likely event that there is no such evidence, the Court should deny the application as being made under false pretenses for the sole purpose of harassing the operators of the Site. *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 81 (2nd Cir. 2012). Where the Court finds that the subpoena was issued in bad faith as a result of Plaintiff's misrepresentations, Doe is entitled to his costs and attorney's fees under Rule 45(d)(1) of the Federal Rules of Civil Procedure.

Relatedly, Plaintiff cannot show that the requested discovery is "for use" in a foreign proceeding; he will be unable to demonstrate that the subpoena will yield information that "will be employed with some advantage or serve some use in the [foreign] proceeding, [though] not necessarily something without which the applicant could not prevail." *Mees v. Buiter*, 793 F.3d 291, 298 (2nd Cir. 2015). Here, Plaintiff has not filed a defamation action in an English court and his claim is now time-barred. (Exh. B.) Therefore, the requested discovery will never be used in a lawsuit related to the October 21, 2023 blog post. Doe suspects that Plaintiff is aware of this fact, which is the reason why he filed this action in a faraway American court and lied about a defamation case pending in the UK. (Doe Decl., ¶ 22.)

Finally, Plaintiff is not an "interested person" within the meaning of the statute. *In re Merck & Co., Inc.*, 197 F.R.D. 267, 270 (M.D.N.C. 2000). He is not a litigant in a foreign proceeding concerning the October 21, 2023 blog post and cannot establish that the requested information will eventually be used in such a proceeding. *Rainsy v. Facebook, Inc.*, 311 F.Supp.3d 1101, 1109 (2018). Therefore, the Court should quash the subpoena and deny the application.

## 2. The *Intel* Factors Weigh Against Assistance Under § 1782.

Even if Plaintiff satisfied the three mandatory requirements described above, the Court would still retain discretion in granting or denying the application based on an equity-like balancing test of four factors set out in *Intel*: (1) the involvement of "the person from whom discovery is sought" in the foreign proceeding, (2) "the nature of the foreign tribunal, the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHN DOE'S MOTION TO QUASH SUBPOENA – MAYCOCK V. CLOUDFLARE, INC.

5

character of the proceedings underway abroad, and the receptivity of the foreign government, court or agency to U.S. federal-court judicial assistance," (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-265. The first element is not relevant here given there is no foreign proceeding. The remaining three elements all mitigate towards denial of the application.

The second element requires the Court to inquire about the "character of the proceedings underway abroad." As explained above, there are no foreign proceedings currently underway: Plaintiff lied about filing a defamation lawsuit in the UK so that he could use this Court's subpoena power to unmask the operators of the Site. Moreover, Plaintiff knows that if he had timely filed a lawsuit in an English court, he could have obtained a *Norwich Pharmacal* order to learn the identity of the Site's operators from Cloudflare rather than waste this Court's time with a Section 1782 application, implicating the third element. (Complaint at ¶ 57; Plaintiff's Exh. L.) Given that his defamation claim is now time barred in the English courts, a *Norwich Pharmacal* order is not available as a discovery device. Therefore, Plaintiff is circumventing the proof gathering rules of his own country by asking for this Court's assistance under Section 1782. After weighing the *Intel* factors and considering Plaintiff's desperate quest to unmask the operator of the Site despite having no viable claim for defamation in the UK, the Court should quash the subpoena and dismiss the case under the *Intel* factors.

**3.** **The Subpoena Should Be Quashed to Prevent Undue Annoyance, Embarrassment and Oppression.**

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, a court may limit discovery, including quashing the subpoena at issue here, "for good cause shown" and "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "that the . . . discovery not be had." *Sea Tow Intern., Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007). As explained above, Plaintiff is barred from bringing his defamation lawsuit in the UK, so his only goal with this action is to intimidate the operators of the Site and ultimately discourage their reporting by revealing their

identities. (Doe Decl., ¶ 26.)  Even worse, disclosure of the requested information may put Doe's physical safety at risk. (Doe Decl., ¶ 25.) Therefore, the Court should grant this motion and quash the subpoena to protect Doe and his colleagues from any further harassment by Plaintiff.

## <u>CONCLUSION</u>

For the above-described reasons, this Court should grant John Doe's Motion to Quash Subpoena Issued to Cloudflare and order Plaintiff to pay Doe's costs and attorney's fees pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated:    1/28/25                              By:_____

                                                   Peter Borenstein

                                                   Attorney for Nonparty Movant

                                                   JOHN DOE