**LAW OFFICE OF PETER BORENSTEIN**
Peter Borenstein (SBN 304266)
P.O. Box 885
Culver City, CA 90232
(213) 362-8740 (tel)
(877) 460-3681 (fax)
peter@brnstn.org

Attorney for Nonparty Movant
JOHN DOE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE MAYCOCK<br><br>Plaintiff,<br><br>v.<br><br>CLOUDFLARE, INC.<br><br>Defendant. | Case No. 3:24-cv-07102-JD<br><br>**JOHN DOE'S REPLY TO PLAINTIFF'S OPPOSITION TO DOE'S MOTION TO QUASH SUBPOENA TO DEFENDANT CLOUDFLARE, INC.**<br><br>Date:     March 20, 2025<br>Time:     10:00 am |

\\
\\
\\

## **REPLY BRIEF**

The subpoena at issue here is the product of false statements made by Plaintiff Daniel Lee Maycock in this Court regarding "ongoing defamation proceedings within the High Court of Justice in the United Kingdom[,]" specifically that he is "a Plaintiff in a defamation proceeding currently pending" in England. (Dkt. 14, ¶¶ 3, 3(a)(i).) Maycock's own declaration in opposition to this motion proves otherwise: Maycock may[1] have applied for a *Norwich Pharmacal* order (NPO) in England but he is not a defamation plaintiff there. (Dkt. 22-1, ¶ 6.) Maycock knowingly misrepresented facts critical to his application for assistance under 28 U.S.C. § 1782 (hereinafter "Section 1782"), that he is an interested party to pending litigation in the UK, to persuade Cloudflare to consent to the subpoena and unmask Nonparty Movant John Doe without any evidentiary showing and at speed. Therefore, this Court should quash the subpoena and award Doe his attorney's fees for being forced to intervene in a foreign court to quash a subpoena issued under false pretenses. Fed. R. Civ. P. 45(d)(1).

Moreover, if it is true that Maycock has filed an NPO application in the UK, the Court should dismiss this case in favor of further proceedings in that country, undisputedly the proper jurisdiction for Maycock's "forthcoming" defamation lawsuit. Maycock is simply wrong when he argues that he "cannot proceed with legal action against Debunking Tamworth without identifying its anonymous operators." (Opposition at p. 4.) The United Kingdom, just like in this country, permits lawsuits against fictitious defendants; an NPO is the procedure by which they can be identified upon a prima facie showing of wrongdoing. *See* Graham J.H. Smith, et al., *Internet Law and Enforcement* 445-446 (4th ed. 2007). In his opposition, Maycock seems to recognize that he has a statute of limitations problem, which begs the question: If the allegedly defamatory article was posted in 2023, why has he *not* filed his defamation lawsuit and why did he lie about it?

---

[1] Counsel has not been able to verify the case number provided in Paragraph 6 of Maycock's declaration, and he has since refused to provide a file-stamped copy of the application. Otherwise, the truth of the matter asserted in Paragraph 6, that Maycock actually filed an NPO application, is inadmissible hearsay. Fed. R. Evid., § 801. The random case numbers listed by Maycock in his opposition lack foundation and are also unverifiable, amounting to more inadmissible hearsay. (Opposition at p. 3.)

One answer may be to avoid costly litigation with Cloudflare. Maycock has revealed that Cloudflare initially threatened to vigorously "defend the claim under Section 230 of the Communications Decency Act (CDA 230)[,]" which also carries an award of attorney's fees against the losing party, if he did not dismiss his complaint with prejudice. (Dkt. 10-1, ¶ 10.) However, Cloudflare subsequently consented to the subpoena, thus abandoning any defense of its customer's privacy, in reliance on Maycock's misrepresentations.

It should also be noted here that under California law, if a motion is filed to quash a subpoena that seeks "personally identifying information . . . for use in an action pending in . . . a foreign nation, and that subpoena has been served on any Internet service provider, or on the provider of any other interactive computer service [as defined in CDA 230], if the moving party prevails, and if the underlying action arises from the moving party's exercise of free speech rights on the Internet and the respondent has failed to make a prima facie showing of a cause of action, the court shall award the amount of reasonable expenses incurred in making the motion, including reasonable attorney's fees." Cal. Civ. Proc. Code § 1987.2(c) (West 2013). Maycock's false statements led Cloudflare to consent to the subpoena without a fight. At the very least, justice requires the subpoena be quashed and for an award against Maycock for Doe's attorney's fees incurred by intervening in this Court, five thousand miles away and nearly two years from the publication of the allegedly defamatory blog post.

## EVIDENTIARY OBJECTIONS

Doe respectfully objects to evidence produced in support of Plaintiff's opposition on the following grounds:

1. Plaintiff's Exhibit O is hearsay, lacks foundation, is not authenticated, and is irrelevant to the instant motion.
2. Plaintiff's Exhibit P is hearsay, lacks foundation, is not authenticated, and is irrelevant to the instant motion.
3. Plaintiff's Exhibit Q is a reproduction of Doe's Exhibit B, attached to the motion to quash.
4. Plaintiff's Exhibit R is hearsay, lacks foundation, is not authenticated, and is irrelevant to the instant motion.

5.  Plaintiff's Exhibit S is hearsay, lacks foundation, is not authenticated, and is irrelevant to the instant motion.

6.  Plaintiff's Exhibit T1 is hearsay and irrelevant to the instant motion.

7.  Plaintiff's Exhibit T2 is hearsay and irrelevant to the instant motion.

8.  The Declaration of Andrew Cooper is irrelevant to the instant motion and the truth of the matters asserted therein are inadmissible hearsay. However, Mr. Cooper's declaration does tend to support Doe's concern regarding retribution and/or harassment from Maycock and others should his identity be revealed. (*See* Doe Decl., ¶¶ 25, 26.)

## CONCLUSION

For the reasons described above and in the previously filed moving papers, this Court should grant John Doe's Motion to Quash Subpoena Issued to Cloudflare and order Plaintiff to pay Doe's costs and attorney's fees pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: 2/18/25                                       By: _____
                                                          Peter Borenstein
                                                          Attorney for Nonparty Movant
                                                          JOHN DOE