LAW OFFICE OF PETER BORENSTEIN
Peter Borenstein (SBN 304266)
P.O. Box 885
Culver City, CA 90232
(213) 362-8740 (tel)
(877) 460-3681 (fax)
peter@brnstn.org

Attorney for Nonparty Movant
JOHN DOE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE MAYCOCK<br><br>Plaintiff,<br><br>v.<br><br>CLOUDFLARE, INC.<br><br>Defendant. | Case No. 3:24-cv-07102-JD<br><br>**NONPARTY MOVANT JOHN DOE'S EX PARTE APPLICATION TO SUBMIT NEW EVIDENCE IN SUPPORT OF DOE'S MOTION TO QUASH SUBPOENA [DKT. 21]; DECLARATION OF PETER BORENSTEIN IN SUPPORT THEREOF.** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT in accordance with Northern District of California Local Rules 7-3(d) and 7-10, Nonparty Movant John Doe hereby seeks approval to submit newly discovered evidence in support of his Motion to Quash Subpoena to Defendant Cloudflare, Inc. that was not available when Doe filed his reply on February 18, 2025. (Dkt. 24.) Ex parte relief is warranted here because the motion was to be heard tomorrow, March 20, and the new evidence is material to the Court's consideration of the motion. However, after Plaintiff Daniel Lee Maycock informed the Court that he was not authorized to travel to the U.S. to attend the hearing

in person, the Court vacated the hearing and took the matter under submission. (Dkt. 26.) Doe intended to present this new evidence at oral argument; now his only option is this *ex parte* application for leave to present further evidence of Maycock's misrepresentations in this Court. Notice of this *ex parte* application was given to the parties by email on March 19, 2025. (Borenstein Decl., ¶ 13.)

## NEW EVIDENCE TO BE SUBMITTED

**1.     Pre-Action *Norwich Pharmacal* Order (NPO) Application Filed 9/19/2024.**

In his declaration executed on February 10, 2025, Maycock cited his pre-action[1] application for an NPO in the UK with the case number KB-2024-003082 as evidence of a pending action in the UK that would satisfy mandatory elements of his 28 U.S.C. § 1782 ("Section 1782") application. (Dkt. 22-1, ¶ 6.) The UK court system does not provide online case access so on February 11, 2025, Doe's counsel emailed Maycock and requested a file-stamped copy of the application. (Borenstein Decl., ¶¶ 5, 6.) Maycock responded that he could not provide the requested document because it was in storage and he was "moving house." (Borenstein Decl., ¶ 7.) One month later on March 11, 2025, and after Doe filed his reply, Maycock provided an incomplete copy of the NPO application he filed on September 19, 2024 to learn John Doe's identity from Cloudflare with a hearing calendared for December 11, 2024. (Exh. A at pp. 1, 6.) Maycock subsequently filed this duplicative action in US federal court on October 10, 2024 seeking the same information. (Dkt. 1.) Maycock admitted that the NPO application was denied at the hearing on December 11. (Borenstein Decl., ¶ 9.)

This evidence is critical to the Court's consideration of Doe's motion to quash because it establishes that Maycock knowingly misrepresented on December 23, 2024 that he is "a Plaintiff in a defamation proceeding currently pending" in the UK. (Dkt. 14, ¶ 3(a)(i).) There is no defamation proceeding in the UK and Maycock's misrepresentation is likely sanctionable under Rule 11. More importantly, the information he might obtain in this Court is not for use in any pending foreign litigation as required by Section 1782. Indeed, Maycock cites several other case

---

[1] In the UK, a litigant may obtain an NPO during discovery in a civil action or with an independent application before an action is filed, hence the term "pre-action."

numbers in his opposition, all of which can now be assumed to be unsuccessful pre-action NPO applications seeking the same information as he does here. (Dkt. 22 at p. 3.) If Maycock had repeatedly filed these applications in California, he would almost certainly be deemed a vexatious litigant. Cal. Civ. Proc. Code § 391(b) (West 2023).

**2.    Pre-Action NPO Application Filed 2/3/25.**

On March 15, 2025, Doe learned that Maycock filed another pre-action NPO application on February 3, 2025, just days after he was served with Doe's motion to quash, to learn Doe's identity from an entity called ConsulHosting in the Netherlands. (Exh. B at p. 1.) Although this NPO application was filed in February 2025, Maycock verified it on December 28, 2024, five days after he executed the stipulation with Cloudflare for the subpoena to issue in this case. (Exh. B at p. 4.) A hearing is calendared for this new NPO application on April 3, 2025. (Exh. B at p. 6.) Maycock has had more than a year to file his defamation lawsuit in the UK. Instead, he has chosen to repeatedly and unsuccessfully file pre-action NPO applications, evidencing an intent to intimidate and harass John Doe rather than pursue any legal recourse for the allegedly defamatory statement published on October 21, 2023. Therefore, the instant application for assistance under Section 1782 was made in bad faith and should be dismissed with prejudice.

**3.    Denial of Maycock's ESTA Application.**

On March 16, 2025, Maycock alerted the Court that his ESTA application had been denied, and he was not authorized to travel to the U.S. (Borenstein Decl., ¶ 11.) An ESTA application enables an English national like Maycock to travel to the U.S. without first obtaining a visa. Though U.S. Customs and Border Protection (CBP) does not give a reason for denial, it can generally be assumed that if an ESTA application is denied, it is because the applicant has engaged in some type of prior misconduct or has a criminal history. (Exh. C.) It is likely that Maycock will be denied a visa for similar reasons. *See* 8 U.S.C. § 1182. If Maycock is not permitted to enter the U.S., he cannot comply with this Court's Standing Order nor maintain a legal action here. And given that he has another hearing on April 5 to obtain the same information he seeks in this action, he will not suffer any prejudice if the Court grants Doe's motion to quash and dismisses the case.

**CONCLUSION**

For the above-described reasons, this Court should grant the instant *ex parte* application and permit Doe to submit this additional evidence in support of his Motion to Quash Subpoena to Cloudflare, Inc. (Dkt. 21.)

Respectfully submitted,

Dated: 3/19/25                                By:_____
                                                              Peter Borenstein
                                                              Attorney for Nonparty Movant
                                                              JOHN DOE