DANIEL LEE MAYCOCK
20 Brancaster Close
Amington
Tamworth, Staffordshire, England, B77 3QD
Phone Number: +447577226071
Email Address: daniel.maycock1@gmail.com

Self-Represented

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL LEE MAYCOCK,<br><br>    Plaintiff,<br><br>v.<br><br>CLOUDFLARE, INC.,<br><br>    Defendant | Case No.: 3:24-cv-07102-JD<br><br>**RESPONSE TO NONPARTY MOVANT JOHN DOE'S EX PARTE APPLICATION [DKT,29] TO SUBMIT NEW EVIDENCE IN SUPPORT OF DOE'S MOTION TO QUASH SUBPOENA [DKT. 21]** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

1. PLEASE TAKE NOTICE THAT pursuant to Northern District of California Civil Local Rules 7-3(d) and 7-10, Plaintiff Daniel Lee Maycock respectfully submits this Opposition to Nonparty Movant John Doe's Ex Parte Application to Submit New Evidence (Dkt. 29). Doe seeks to introduce purportedly "new" evidence in support of his Motion to Quash Subpoena. However, this evidence was available earlier, known to Cloudflare—the named Defendant—and could have been presented at the appropriate stage of these proceedings. Instead, Doe improperly attempts to introduce this material now, essentially rehashing prior arguments already raised before this Court.

2. Should the Court permit Doe's submission, Plaintiff respectfully requests leave to file a response addressing the new material, as allowed under Local Rule 7-3(d). To permit Doe's submission without allowing Plaintiff to reply would be procedurally improper and unfairly prejudicial. Alternatively, if the

RESPONSE TO NONPARTY MOVANT JOHN DOE'S EX PARTE APPLICATION [DKT,29] TO SUBMIT NEW EVIDENCE IN SUPPORT OF DOE'S MOTION TO QUASH SUBPOENA [DKT. 21]

1

Court finds that Doe's submission is improper under Local Rule 7-3(d), Plaintiff respectfully requests that the Court deny Doe's request in its entirety and decline to consider the new evidence.

3.

## **INTRODUCTION**

4. Plaintiff Daniel Lee Maycock opposes John Doe's Ex Parte Application to Submit New Evidence (Dkt. 29), which is based on factual misrepresentations, legally irrelevant claims, and inflammatory attacks. Rather than presenting genuinely new material, Doe rehashes prior arguments, forcing Plaintiff to respond to issues that have already been addressed.

5. Doe's Ex Parte Application seeks to introduce new evidence, requiring Court approval under Northern District of California Civil Local Rule 7-3(d). If the Court permits Doe's submission, Plaintiff respectfully requests leave to file a response addressing this new material, as allowed under Local Rule 7-3(d). Failing to afford Plaintiff an opportunity to reply would be procedurally improper and unfairly prejudicial, as it would allow Doe to introduce new material without giving Plaintiff the right to respond. Alternatively, if the Court finds Doe's submission improper under Local Rule 7-3(d), Plaintiff respectfully requests that the Court deny Doe's request in its entirety and decline to consider the new evidence.

6. Doe seeks to undermine Plaintiff's § 1782 discovery request by arguing:

   a. Plaintiff has no pending defamation claim in England and Wales, making the discovery request improper.

   b. Plaintiff's multiple discovery applications amount to forum shopping or harassment.

   c. Plaintiff's ESTA denial is relevant to the motion to quash.

7. These arguments fail for multiple reasons.

8. First, Doe misrepresents legal procedure in England and Wales. A defamation claim cannot be filed without identifying the defendant, making pre-action disclosure through Norwich Pharmacal Orders (NPOs) or § 1782 requests a legal necessity. Plaintiff has taken all appropriate steps to obtain disclosure before proceeding with full litigation, including prior NPO applications in England and Wales and the Netherlands.

9. Second, Plaintiff's parallel discovery applications do not constitute forum shopping. Doe has deliberately concealed their identity by changing hosting providers and remaining anonymous, necessitating disclosure efforts in multiple jurisdictions.

10. Finally, Doe's reliance on Plaintiff's ESTA denial is legally irrelevant. ESTA denials occur for a variety of administrative reasons and have no bearing on the merits of this case. Doe's arguments are a transparent attempt to prejudice the Court against Plaintiff rather than engaging with the legal standards governing § 1782 discovery.

11. For these reasons, Plaintiff respectfully requests that the Court deny Doe's Ex Parte Application in its entirety and either reject the improperly submitted new evidence under Civil Local Rule 7-3(d) or allow Plaintiff an opportunity to respond to it.

## I. DISCOVERY PROCEEDINGS ARE A NECESSARY STEP TOWARD A DEFAMATION CLAIM UNDER UK LAW

12. Doe argues that because Plaintiff has not formally filed a defamation claim in England and Wales, his § 1782 discovery request is improper. This mischaracterises both legal procedures in England and Wales and the role of pre-action disclosure orders, which are legally required when a defendant's identity is unknown.

13. Under the law of England and Wales, a defamation claim cannot proceed without identifying the defendant. A claimant must first obtain disclosure to name the responsible party. In cases involving anonymous online publications, this requires a Norwich Pharmacal Order (NPO) in England and Wales or a § 1782 request in the U.S., depending on where relevant records are held. These legal mechanisms exist precisely to enable claimants to obtain the information necessary to initiate proceedings.

14. As a litigant in person, Plaintiff understands that discovery and the ability to file a defamation claim are directly linked. The purpose of this disclosure request is to identify those responsible for defamatory statements, allowing Plaintiff to bring a formal defamation action in England and Wales. Without this disclosure, it is legally impossible to proceed with a defamation lawsuit.

15. Doe's argument that no claim is "pending" is misleading and fails to acknowledge that discovery is a legally required step before a defamation claim can be initiated. Plaintiff previously sought an NPO

in England and Wales (Case No. KB-2024-003082), but the application was denied on procedural grounds, not on the merits. The High Court required jurisdictional corrections concerning service of process. At the hearing, the Master of the High Court specifically advised Plaintiff to seek alternative disclosure avenues before refiling.

16. Following this guidance, Plaintiff and Cloudflare agreed that continuing the claim in the U.S. under § 1782 would be the most appropriate and convenient course of action for Cloudflare. Given that Cloudflare is a U.S.-based entity, seeking disclosure through the U.S. legal system is both procedurally efficient and legally appropriate. This decision aligns with the Master's ruling and ensures Plaintiff pursues all available legal avenues before refiling an NPO in England and Wales.

17. Doe's mischaracterization of these proceedings should be rejected.

## II. PLAINTIFF'S MULTIPLE DISCOVERY APPLICATIONS ARE NECESSARY AND NOT FORUM SHOPPING

18. Doe argues that Plaintiff's parallel discovery applications in different jurisdictions amount to forum shopping, a claim that is baseless and ignores the legal necessity of obtaining disclosure from multiple sources.

19. Doe has actively concealed their identity, switched hosting providers, and remains anonymous. As a result, Plaintiff has no choice but to seek disclosure from multiple entities to obtain the information needed to bring a defamation claim in England and Wales. The application to serve a claim form out of jurisdiction against ConsulHosting in the Netherlands remains active, with a hearing scheduled for April 3, 2025. Doe misrepresents this application as an abuse of process, when in fact, it is a necessary and appropriate step to obtain disclosure regarding the operators of Debunking Tamworth.

20. Seeking multiple avenues for disclosure is not forum shopping—it is the only viable way to obtain evidence against an anonymous party who has deliberately obscured their identity.

## III. DOE'S RELIANCE ON PLAINTIFF'S ESTA DENIAL IS LEGALLY IRRELEVANT

21. Doe's reference to Plaintiff's ESTA denial is both improper and legally irrelevant. ESTA denials occur for a variety of reasons, including routine security checks, administrative reviews, or travel

history. Doe's attorney offers no evidence whatsoever to support his inflammatory insinuation that criminality played any role in the denial.

22. More importantly, a denied ESTA has no impact on the validity of a § 1782 discovery request. Courts have routinely granted discovery under § 1782 to applicants who were not physically present in the U.S. at the time of the request. There is no legal requirement that an applicant be admitted into the U.S. in order to obtain discovery under this statute.

23. Doe's misrepresentation should be disregarded entirely.

### IV. DOE'S ATTORNEY'S ATTEMPTS TO INTIMIDATE PLAINTIFF

24. Doe's attorney has misrepresented legal facts, resorted to personal attacks, and attempted to pressure Plaintiff into withdrawing this case rather than addressing the legal standards governing § 1782 discovery.

25. First, Doe falsely claims that Plaintiff has no legitimate legal proceedings in England and Wales, disregarding that pre-action disclosure is required before filing a defamation claim. This deliberate misrepresentation is intended to discredit Plaintiff's lawful discovery efforts.

26. Second, Doe mischaracterizes Plaintiff's discovery applications as forum shopping, despite the fact that seeking disclosure in multiple jurisdictions is necessary when defendants have actively concealed their identities. These applications are not abusive but legally required steps under English law.

27. Third, Doe wrongly suggests that Plaintiff is a vexatious litigant, even though Plaintiff's only dismissed application in England and Wales was denied on procedural grounds, not on the merits. The High Court did not find the claim to be frivolous but instead advised Plaintiff to seek alternative disclosure before refiling—guidance that Plaintiff has followed by pursuing this § 1782 application and an application in the Netherlands, which remains under judicial review with a hearing scheduled for April 3, 2025.

28. Beyond legal misrepresentation, Doe's attorney has engaged in personal attacks and coercion. In direct correspondence, Doe's counsel referred to Plaintiff as a "dishonest bully," an unprofessional and inappropriate remark from an officer of the court. Additionally, Doe's attorney suggested that Plaintiff

should "repair his reputation" by dismissing the case, implying that continuing litigation would harm Plaintiff rather than vindicate his legal rights.

29. Finally, Doe's attorney has weaponized the threat of attorney's fees to deter Plaintiff from pursuing lawful discovery. These actions go beyond zealous advocacy and amount to improper litigation tactics intended to obstruct Plaintiff's right to seek disclosure.

30. Plaintiff acknowledges that correspondence between counsel is generally subject to privilege. While Plaintiff is not legal counsel, he understands the responsibilities associated with privilege and will await the Court's acknowledgment before making such correspondence known. If the Court deems the communications relevant, Plaintiff is willing to provide them to substantiate the claims of intimidation and misconduct.

31. Doe's attorney's pattern of misrepresentation and intimidation should not be condoned by this Court. These tactics are not legal arguments but deliberate efforts to obstruct a valid § 1782 discovery request.

Respectfully submitted,

Dated: 20 March 2025
Signed: *D. Maycock*
Print Name: DANIEL LEE MAYCOCK

RESPONSE TO NONPARTY MOVANT JOHN DOE'S EX PARTE APPLICATION [DKT,29] TO SUBMIT NEW EVIDENCE IN SUPPORT OF DOE'S MOTION TO QUASH SUBPOENA [DKT. 21]

6