UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE MAYCOCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLOUDFARE, INC.,<br><br>　　　　Defendant. | Case No. 24-cv-07102-JD<br><br>**ORDER RE SUBPOENA** |

Pro se plaintiff Daniel Lee Maycock requests a subpoena for documents under 28 U.S.C. § 1782 to discover the identities of the operators of a website called "Debunking Tamworth." *See* Dkt. No. 1. Maycock is a British citizen and a "former Deputy Mayor of Tamworth," and says that the "Debunking Tamworth" website published defamatory content about him. *Id*. ¶¶ 4, 7, 9. He represents that he "intends to initiate defamation proceedings in the High Court of Justice in England upon identifying the operators of 'Debunking Tamworth,'" and that "Cloudfare, Inc., a U.S.-based entity, possesses the identifying information of the website's operators." *Id*. ¶ 4.

At the joint request of Maycock and Cloudfare, the Court granted Maycock's request to issue a subpoena to Cloudfare under 28 U.S.C. § 1782. Dkt. Nos. 14, 15. The subpoena commanded Cloudfare to produce "[d]ocuments sufficient to identify any account holder(s) associated with the domain 'debunkingtamworth.com' from October 21, 2023 to December 23, 2024." Dkt. No. 16. But before Cloudfare responded to the subpoena, a motion to quash the subpoena was filed by non-party "John Doe," an internet journalist who wrote for the "Debunking Tamworth" site and who desires to keep his identity a secret. Dkt. No. 21. Cloudfare and Maycock agreed that Cloudfare's response to the subpoena would be stayed pending the Court's resolution of the motion to quash. Dkt. Nos. 23, 25. The motion to quash is granted.

**DISCUSSION**

As an initial matter, the subpoena to Cloudfare, Dkt. No. 16, was properly granted. 28 U.S.C. § 1782 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that . . . the document or other thing be produced[] before a person appointed by the court." As Maycock and Cloudfare agreed, these requirements were met in this case. Dkt. No. 14.

Even so, the landscape has shifted in important ways since the Court granted Maycock's request to issue the subpoena. The journalist who wishes to keep his identity a secret (proceeding as John Doe) has appeared in the case and requested to quash the subpoena. Dkt. No. 21. Maycock's and Doe's filings made in connection with Doe's motion to quash make clear that the subpoena should be quashed.

A key development in the record is Maycock's acknowledgement that "multiple related proceedings are already underway," and "[d]isclosure applications have been filed to gather evidence for a defamation claim against Debunking Tamworth" under at least five different case numbers in the United Kingdom. Dkt. No. 22 at 5, 7-8 (listing "case/claim/petition numbers": KB-2024-003082, KB-2024-003470, CV-25-00734334-0000, COS-P12-25, and KB-2025-000321). The High Court of Justice in England is where Maycock states he is planning to file his defamation suit, *see* Dkt. No. 1 ¶ 4, and it appears that is where his multiple pre-suit disclosure applications are pending. "§ 1782(a) authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). On the record that has now developed, the Court is concerned about the possibility that the § 1782(a) request here may conflict with "foreign proof-gathering restrictions or other policies of a foreign country." *Id*. at 265. In any event, the Court finds that it need not conclusively answer that question at this juncture because the courts in the United Kingdom are already being requested to

answer for themselves whether the disclosure Maycock seeks is appropriate under the United Kingdom's laws.

Maycock and Doe have raised a host of other disputes that the courts in the United Kingdom are much better positioned to answer than this Court. These include legal questions under U.K. law regarding whether any defamation lawsuit filed by Maycock would be time-barred, and highly factual questions such as whether Maycock is seeking to harass Doe or whether Doe has harassed Maycock. *See* Dkt. Nos. 21, 22, 24.

With the benefit of a more developed record, it has become clear that the Court ought not exercise its broad discretion to order discovery under 28 U.S.C. § 1782. The previously issued subpoena, Dkt. No. 16, is quashed.

## CONCLUSION

The denial of assistance under 28 U.S.C. § 1782 is without prejudice to a renewed request as circumstances may warrant. Doe's requests for attorney's fees, Dkt. No. 21, and to submit new evidence, Dkt. No. 29, are denied. Maycock did not assert a legal claim independent from the request for a discovery order under 28 U.S.C. § 1782, *see* Dkt. No. 1, and so the case is closed.

**IT IS SO ORDERED.**

Dated: September 30, 2025

JAMES DONATO
United States District Judge